**RALEIGH v
CENTRAL FREIGHTWAYS, INC**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14433. Decided July 6, 1935

John R. Palmer, and Otto G. Graef, Cleveland, for plaintiff in error.

Klein & Deihm, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, (4th Dist) sitting by designation.

## OPINION

By McCURDY, J.

The record discloses that the trial of this case consumed some four days and this record is somewhat voluminous. The testimony of the plaintiff and his witnesses and the witnesses for defendant is in direct conflict, and after a careful examination of it we are of the opinion that the jury necessarily had the task of determining the witness or witnesses which they should believe. This is the function of the jury and the court will not be justified in disturbing their verdict under the conflict of testimony as shown by the record.

The record further discloses that defendant's exhibit number five purports to be a photograph of the tractor of the motor truck and was received in evidence under the testimony given by the owner of the tractor, one Cupp. While it is true that after the trial of the case the plaintiff ascertained that the negatives from which the photograph was developed had been tampered with to the extent that marks were made thereon in reference to the name and number appearing on the side of the tractor, and that the photograph was taken some eight months after the accident occurred, yet the record clearly discloses that the only matter relied upon at the trial in relation to the photograph of the motor tractor was to show the indentations and marks appearing thereon, claimed by Cupp, to have been made by the collision with the automobile driven by plaintiff. Cupp testified to these matters of his own knowledge and admitted that the photograph had been taken after the truck had been in operation for a period of time some two months following the collision in question. His testimony is positive in relation to the marks of collision and that the photograph correctly depicts those marks. The photograph merely became under his testimony illustrative of it and could be the subject of no greater reliance on the part of the jury than his testimony itself, the principal question being whether or not the automobile of the plaintiff collided with the tractor, causing the marks testified to by Cupp and illustrated by the photograph. The jury had before it the matter of the photograph being taken a considerable time after the collision and were in a position to give that matter whatever bearing they saw fit. During Cupp's testimony it was admitted that the name on the tractor had been changed and was not the same as it was at the time of the collision. For these reasons we believe it was properly received in evidence, and we find that in ruling on the motion for a new trial the trial court stated:

"I also find that the explanation which is given with respect to the changing of

the name on the tractor was in accordance with the testimony which was introduced at the trial."

Having examined the matter on which the new trial was claimed we believe that this ruling of the court was correct and shows no abuse of judicial discretion.

In relation to the impeaching testimony wherein the plaintiff was questioned concerning his conviction of crime we find it to be negative and not followed by any effort on behalf of the defendant to prove this untrue, and clearly no prejudicial error could arise therefrom. The plaintiff was permitted to be cross-examined on the matter of disbarment, which he admitted. He was permitted to state the time of the disbarment and the period for which it continued in effect but he was not permitted to explain the nature of the proceedings. However, the record does not disclose that he was denied the right to introduce the record of the proceedings, and for this reason it is our conclusion that he was not denied the right of an explanation in mitigation, the record of the proceedings being the best evidence.

It is urged that the cross-examination relative to this entire matter was improper, and with this we can not agree for the reason that the plaintiff was seeking damages for personal injuries and the nature of his profession, beign an attorney, and his earning power thereunder was a proper matter for the jury's consideration in determining the amount of damages, so that cross-examination concerning the matter of his practice, on which the disbarment proceeding would have a direct bearing, was proper. In addition thereto we are of the opinion that the matter of disbarment had a direct bearing upon his credibility as a witness to the same extent that the conviction of a crime would have and perhaps even to a greater extent, and the matter fell properly within the rights of counsel for defendant in conducting his cross-examination.

The record further discloses that counsel for defendant not only repeatedly asked questions which were objected to and the objections sustained but continued to ask similar questions or questions relating to the same subject-matter after the court had made its ruling. However, the court acted diligently in relation thereto and instructed the jury to disregard all of these incidents and for this reason we do not believe that prejudicial error could arise therefrom.

No attack is made upon the charge of the court and being unable to find any prejudicial error in the record or that the verdict is against the manifest weight of the evidence, the judgment of Common Pleas Court will be affirmed.

MIDDLETON, PJ, and BLOSSER, J, concur.
Judgment affirmed.